United States District Court
Southern District of Texas
**ENTERED**
April 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ERICKA LASS DE LA MONT DIAZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-02638 |
| | § | |
| RANDY TATE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner Ericka Lass De La Mont Diaz's Petition for Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 4). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I.   BACKGROUND

The following facts are not in dispute. Petitioner is a citizen of Mexico who entered the United States without inspection on August 18, 2022. ECF No. 1, Exh. 1 (Notice to Appear). She was detained upon being encountered at the border. ECF No. 4 at 2. The Department of Homeland Security (DHS) provided Petitioner with a Notice to Appear (NTA) in removal proceedings before an immigration judge (IJ). ECF No. 1, Exh. 1. The NTA charged Petitioner with being "an alien present in the United States who has not been admitted or paroled." *Id*. DHS then released Petitioner from custody under an Order of Release on Recognizance (ORR). ECF No. 4 at 3. Petitioner has applied for asylum, and her removal proceedings are ongoing. ECF No. 1 at ¶ 16

1 / 6

Since her release, Petitioner has complied with all conditions of her release, save a failure to electronically report using DHS' Compliance Assistance Reporting Terminal (CART). ECF No. 4, Exh. 1 at 2. However, Petitioner reported for all in-person ICE check-ins and court dates, has no criminal history, and was granted work authorization on October 24, 2023. ECF No. 4, Exh. 1 at 3. Nonetheless, ICE re-detained Petitioner at her regularly scheduled ICE check-in on February 16, 2026. Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Petitioner remains in custody and has not been afforded a bond hearing.

## II.    ANALYSIS

The Court finds that Petitioner's re-detention violates her Fifth Amendment right to due process. The Court therefore declines to address Petitioner's additional claims.

The Court has recently addressed similar sets of circumstances and concluded that ICE's re-detention of a noncitizen who was previously released on an Order of Release on Recognizance (ORR) without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See  Betancourth v. Tate, et al*., --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 at *3-4 (S.D. Tex. Mar. 6, 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4-6 (S.D. Tex. Feb. 25, 2026). The Court sees no reason to reach a different conclusion here.[1] While Petitioner failed to complete an electronic check-in via CART, she voluntarily attended all prior and subsequent in-person ICE check-ins, including the February 16 check-in at which she was taken into custody. Nor does the

---

[1] In reaching the conclusion that Petitioner's detention violates the Due Process Clause, the Court assumes that Petitioner falls within the group of noncitizens subject to mandatory detention under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (2026).

Government contend that this missed check-in is the basis for Petitioner's detention—rather, they assert that she is subject to mandatory detention under § 1225(b)(2). The Court therefore dismisses any suggestion that this missed electronic check-in can constitutionally justify Petitioner's re-detention.

Because the Court concludes that the Government's arbitrary revocation of Petitioner's prior release on recognizance independently violated her procedural due process rights, it need not address the question of whether Petitioner's continued mandatory detention under § 1225(b)(2) also violates substantive due process. Nonetheless, the Court will briefly address Respondents' attempt to distinguish this case from *Rodriguez v. Frink*, No. 4:26-CV-00798, 2026 WL 709487 (S.D. Tex. Mar. 13, 2026) (Ellison, J.), in which this Court found that § 1225(b)(2) violated substantive due process as applied. First, Respondents note that in this case, Petitioner has lived in the United States for three years, as opposed to seventeen in *Rodriguez*. But "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Rodriguez*, 2026 WL 709487, at *8 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). The fact that Petitioner in this case has spent three rather than seventeen years living and working in the United States does not extinguish her protected interest in freedom from Government detention.

Next, Respondents point out that Petitioner here has been detained for approximately fifty-two days, close to the forty-seven-day average length of detention under 8 U.S.C. § 1226(c) cited approvingly by the Supreme Court in *Demore v. Kim*, 538 U.S. 510, 529 (2003). Setting aside the fact that § 1226(c) applies to "criminal aliens," rather than people like Petitioner who have no criminal record, Respondents misunderstand the Court's analysis in *Rodriguez*. As the Court noted in that case, the relevant question was "whether [a noncitizen's] detention is reasonable in relation

3 / 6

to the purpose of § 1225(b)(2)," namely, "preventing deportable aliens from fleeing prior to or during their removal proceedings." *Rodriguez*, 2026 WL 709487, at *5 (internal citations omitted). The Court's concern in *Rodriguez* was not the amount of time that the petitioner had been detained *per se*, but rather the potentially indefinite nature of her detention and the possibility that her removal proceedings would take years. *See Rodriguez*, 2026 WL 709487, at *8 ("[T]his Court has addressed dozens of immigration habeas cases in recent months, and it is clear from the facts of these cases that removal proceedings often take several years, particularly for individuals like Petitioner who do not have criminal convictions which preclude them from many avenues of relief from removal under the INA. . . While Salvador Rodriguez's detention is unlikely to be permanent, this does not allay the Court's concerns about its potentially indefinite length."). The same concern is present here. Indeed, this case illustrates the Court's concerns: Petitioner's first hearing in immigration court, originally scheduled for November 8, 2022, has yet to occur. ECF No. 4, Exh. 1 at 3. It is currently scheduled for September 26, 2026—more than five months from now. *Id*. The Court therefore declines to reconsider its decision in *Rodriguez*, either generally or as applied to the facts of this case.

As to Respondents' additional arguments, the Court has already rejected them. See *Betancourth*, 2026 WL 638482, at *2 (rejecting argument that *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003) bars procedural due process claims for noncitizens whom ICE previously released on their own recognizance); *Alvarez Rico*, 2026 WL 522322 at * 2-3 (rejecting argument that *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), precludes due process claims by noncitizens statutorily subject to mandatory detention); *Perea-Berrio*, 2026 WL 709481 at *2 (rejecting argument that arbitrary revocation of release does not violate due process because it does

not violate the applicable regulation); *id*. at *3 (rejecting argument that immediate release is not an appropriate remedy).

The Court declines to reconsider its prior decisions on this issue. It therefore concludes that Petitioner's re-detention violated her Fifth Amendment right to procedural due process.

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of her prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify Petitioner and a friend or relative of Petitioner's choosing of the time and place of release **no less than three hours** prior to her release from custody.

3. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before April 13, 2026**, informing the Court of the status of Petitioner's release.

**IT IS SO ORDERED.**

Signed at Houston, Texas on April 9, 2026.

Keith P. Ellison
United States District Judge